[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Paul Greenwood appeals the judgment of the trial court convicting him, following a bench trial, of trafficking in cocaine in violation of R.C. 2925.03(A). Greenwood advances a single assignment of error in support of this timely appeal, asserting that his conviction was against the manifest weight of the evidence. We find the assignment unpersuasive.
In reviewing a challenge to the weight of the evidence, an appellate court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1]
Here, Greenwood challenges the reliability of the identification testimony of the undercover police officer, Danita Pettis, who had purchased the crack cocaine from Greenwood's accomplice. Although Officer Pettis could not identify Greenwood at trial until he was asked to stand up and walk, the evidence demonstrated that she correctly identified Greenwood at the scene immediately after he was arrested. From our review of the record, we cannot say that the trial court, in resolving the conflicts in the evidence, lost its way and created a manifest miscarriage of justice so as to require a new trial.
Accordingly, Greenwood's assignment of error is overruled.
Parenthetically, we note that our review of the record revealed that the trial court failed to make those sentencing findings necessary for the imposition of a sentence of confinement for a felony of the fifth degree; but, because this was not assigned as error, it does not provide a basis for reversal of the judgment of conviction.
Accordingly, the judgment of the trial court is affirmed.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.